UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES DERRICK THOMPSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2905 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner, Charles Derrick Thompson, a Texas inmate proceeding *pro se* and *in forma pauperis*, filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Docket No. 1.)  Respondent William Stephens filed a motion for summary judgment (Docket No. 19) to which Petitioner has filed a response (Docket No. 20).  After reviewing the record, the pleadings, and the applicable law, including the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") deferential standard of review, the Court will grant Respondent's motion for summary judgment and deny the petition.  The Court will not certify any issue for appeal.

## BACKGROUND

Petitioner is presently incarcerated at the Ellis Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) pursuant to judgments and sentences of the 185th District Court of Harris County, Texas.  The State of Texas charged Petitioner in two separate indictments with the offenses of possession of between one and four grams of a controlled substance (Cause No. 1154843) and felony possession of a firearm (Cause No.

1154844).  The State tried both cases together.[1]  The appellate court described the factual basis

for Petitioner's conviction on both counts as follows:

> Houston police officer B.K. Gill obtained a search warrant for a house suspected
> to be a center for drug activity.  When his team executed the search warrant, they
> found [Petitioner] alone in the house, on a bed in one of the bedrooms.  Rachan
> Austin, the homeowner, was seated outside in a parked car at the time.  A bag of
> Xanax pills was found on the nightstand next to the bed where [Petitioner] was
> sleeping.  Next to the nightstand was a child's rocking chair with eleven small
> bags of cocaine on it.  The small bags containing cocaine each bore a picture of a
> skull and crossbones.  Police found another bag of cocaine on a shelf in the
> kitchen.  The amount of cocaine in the eleven small bags of cocaine found in the
> bedroom with [Petitioner] totaled approximately two grams.
>
> Upon questioning by Officer Walker, [Petitioner] informed the police that there
> was a pistol underneath him.  Officer Walker recovered the pistol and found that
> it was loaded.  [Petitioner] had been convicted and incarcerated for a previous
> felony.  At the time of the arrest, he had been out of confinement for about four
> years.
>
> In two separate indictments, the State charged [Petitioner] with two felony
> offenses: possession of one to four grams of cocaine and felon in possession of a
> firearm.  The two cases were tried together.  Prior to trial, [Petitioner] filed a
> written motion to suppress the cocaine, the pills, and the pistol on the ground that
> the affidavit upon which the search warrant relied did not provide probable cause.
> The motion was carried with the trial.  The trial court found probable cause and
> denied [Petitioner's] motion to suppress.
>
> . . .
>
> At trial, [Petitioner's] aunt testified that the gun belonged to her and that she
> brought it to the house earlier that morning for safekeeping.  She stated that she
> placed the gun between the mattress pad and mattress, and that [Petitioner] had no
> knowledge of either her actions or the presence of the gun.

*Thompson v. State*, Nos. 01–09–00567–CR, 01–09–00568–CR, 2011 WL 649683 (Tex. App.-

Houston [1 Dist.] 2011) (unpublished).

The jury found Petitioner guilty on both charges.  Additionally, the jury found true the

punishment enhancement paragraphs for both offenses.  After a separate punishment hearing, the

---

[1]     Attorney Marcus J. Fleming represented Thompson at trial.  The Court will refer to Mr.
Fleming as "trial counsel."

jury assessed punishment of sixty-one years imprisonment on the controlled substance offense and twenty years imprisonment on the firearm offense.  The trial court ordered the sentences to run concurrently.

Petitioner did not file a motion for new trial.  Though appointed counsel,[2] Petitioner appealed his conviction and sentence in the First Court of Appeals of Texas.  On February 17, 2011, the appellate court affirmed.  Petitioner filed two separate *pro se* petitions for discretionary review, but the Texas Court of Criminal Appeals struck the petitions as noncompliant with Texas appellate rules.  *Thompson v. State*, P.D.R. Nos. 0375-11 and 718-11.

Petitioner filed two state habeas applications.[3]  The trial court entered written findings of fact and conclusions of law recommending denial of relief.  The Court of Criminal Appeals adopted the lower court's findings and denied relief on September 18, 2013.

Petitioner filed a timely federal petition for a writ of habeas corpus.  (Docket No. 1.) Petitioner raises the following grounds for relief:

1. His attorney on appeal provided ineffective assistance by not filing a motion for new trial or raising appellate claims alleging that:

    a. trial counsel should have raised an innocent third-party defense;

    b. trial counsel should have investigated whether the search warrant was deficient;

    c. trial counsel should have argued that the prosecution used race as a consideration in jury selection;

    d. a witness committed perjury;

---

[2]    Attorney Dionne Susan Press represented Petitioner on appeal.  The Court will refer to Ms. Press as "appellate counsel."

[3]    During the pendency of his appeal, Petitioner had previously filed two state habeas applications which the Texas Court of Criminal Appeals dismissed on December 14, 2011. Texas procedure does not allow concurrent appellate and habeas proceedings in non-capital cases.

     e.     trial counsel should have requested a mental-health evaluation; and

     f.     trial counsel neglected his duty.

2.     The prosecution secured evidence through an improper search warrant.

3.     Petitioner is actually innocent.

4.     No evidence supported Petitioner's conviction.

Respondent has filed an answer and motion for summary judgment.  (Docket No. 19.) Respondent argues that procedural and substantive law conclusively shows that Petitioner is not entitled to habeas relief.  This matter is ripe for adjudication.

## LEGAL STANDARDS

The writ of habeas corpus provides an important, but narrow, examination of an inmate's conviction and sentence.  *See Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 787 (2011) ("[S]tate courts are the principal forum for asserting constitutional challenges to state convictions.").  While "the Framers considered the writ a vital instrument for the protection of individual liberty," *Boumediene v. Bush*, 553 U.S. 723, 743 (2008), "[s]tate courts are adequate forums for the vindication of federal rights."  *Burt v. Titlow*, ___ U.S. ___, 134 S. Ct. 10, 15 (2013).  Accordingly, "[t]he role of federal habeas proceedings is . . . secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *see also Engle v. Isaac*, 456 U.S. 107, 128 (1982) ("The States possess primary authority for defining and enforcing the criminal law."). Enshrining principles of finality, comity, and federalism, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") confines both the nature and scope of federal habeas review

AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Titlow*, ___ U.S. at ___, 134 S. Ct. at 16.  Under 28 U.S.C. § 2254(d), "a federal court cannot grant a petition for a writ of habeas corpus unless the state

court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'"  *Berghuis v. Thompkins*, 560 U.S 370, 378 (2010) (quoting 28 U.S.C. § 2254(d)(1)).  "This standard . . . is difficult to meet."  *Metrish v. Lancaster*, 569 U.S. ___, ___, 133 S. Ct. 1781, 1786 (2013) (quotation omitted).  The Supreme Court has clarified that relief is proper under Section 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts"; or (2) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also White v. Woodall*, ___ U.S. ___, 134 S. Ct. 1697, 1702 (2014); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010); *Bell v. Cone*, 535 U.S. 685, 698 (2002); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).  This "substantially higher threshold" focuses not on whether the state court was "incorrect, but on whether its determination was 'unreasonable.'"  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004); *Foster v. Johnson*, 293 F.3d 766, 776 (5th Cir. 2002).  To meet this standard, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at ___, 131 S. Ct. at 786-87.

Federal courts likewise afford significant deference to a state court's factual determinations, presuming all factual findings to be correct.  *See* 28 U.S.C. § 2254(e)(1),(2).  A petitioner must rebut this presumption "by clear and convincing evidence."  *Id*.  In addition, "AEDPA generally prohibits federal habeas courts from granting evidentiary hearings when

applicants have failed to develop the factual bases for their claims in state courts." *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (relying on 28 U.S.C. § 2254(e)(2)).

In addition to AEDPA's stringent standards, federal relief does not available unless an inmate has complied with jurisprudential doctrines such as the harmless-error doctrine and the non-retroactivity principle. *See Horn v. Banks*, 536 U.S. 266, 272 (2002); *Thacker v. Dretke*, 396 F.3d 607, 612 n.2 (5th Cir. 2005). This Court cannot issue a habeas writ unless error "ha[d] a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Robertson*, 324 F.3d at 304 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 629 (1993)); *see also Aleman v. Sternes*, 320 F.3d 687, 690-91 (7th Cir. 2003) ("Nothing in the AEDPA suggests that it is appropriate to issue writs of habeas corpus even though any error of federal law that may have occurred did not affect the outcome."). Also, under the jurisprudence flowing from *Teague v. Lane*, 489 U.S. 288 (1989), a habeas court cannot grant relief if it would require the creation and retroactive application of new constitutional law. *See Horn*, 536 U.S. at 272.

With these standards in mind, the Court turns to Petitioner's grounds for relief.

## ANALYSIS

### I.   Ineffective Assistance of Appellate Counsel

Petitioner claims that his appellate attorney provided ineffective assistance in several areas. "In reviewing a claim alleging ineffective assistance of appellate counsel [courts] apply the traditional *Strickland* standard." *Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008); *see also Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006); *Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006). An inmate challenging his appellate counsel's selection of claims must show both deficient performance and that "the outcome of the appeal would have

been different." *Amador*, 458 F.3d at 410; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997); *Sharp v. Johnson*, 107 F.3d 282, 286 n. 9 (5th Cir. 1997).

An appellate attorney cannot be faulted for not raising meritless claims. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Williams*, 16 F.3d at 634. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.), *cert. denied*, 513 U.S. 966 (1994); *see also Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . ."). "The process of 'winnowing out weaker arguments . . . and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate [and habeas] advocacy." *Smith*, 477 U.S. at 536 (quoting *Jones*, 463 U.S. at 751).

Respondent argues that Petitioner has not exhausted portions of his ineffective-assistance-of-appellate-counsel claim. The Court will first address whether Petitioner has met the AEDPA standard with regard to those claims he exhausted in state court. The Court will then turn to the question of whether federal review is available for the issues Petitioner raises for the first time in his federal habeas petition.

### A.    Claims Exhausted in State Courts

Petitioner's state habeas application argued that appellate counsel provided ineffective representation by not filing a motion for new trial that would develop the factual basis of his

ineffective-assistance-of-trial-counsel claims.[4]  In particular, Petitioner argued that trial counsel should have:

1.  argued that he was innocent because he was just visiting his uncle when the police searched the house and seized the guns and drugs that gave rise to his conviction;

2.  investigated whether probable cause supported the police warrant; and,

3.  raised a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986) because no African-Americans served on his jury.

Petitioner's appellate attorney filed an affidavit explaining her reasons for not advancing each of those claims.  (State Habeas Record at 76-78.)  Appellate counsel explained that she met with Petitioner to discuss his appeal.  Petitioner expressed concern about the search warrant, but did not identify the other issues he raises on federal review as possible appellate arguments. Appellate counsel then contacted Petitioner's trial attorney.  Trial counsel explained his trial strategy, included challenging the sufficiency of the search warrant.  Trial counsel had already litigated a challenge to the search warrant in a suppression hearing.  Given her investigation and her review of the record, appellate counsel decided not to file a motion for a new trial on the grounds asserted in Petitioner's federal habeas petition.

The state habeas court found that "the facts asserted in the affidavit of Dionne S. Press are true and that the affidavit of Dionne S. Press is credible."  (State Habeas Record at 83.)  The state habeas court reviewed the basis for each claim and found that "[t]he facts asserted in the affidavit of appellate counsel Dionne S. Press, together with the contents of official court

---

[4]      Insofar as Petitioner complains that appellate counsel failed to file a motion for a new trial, the state habeas court found: "The applicant cannot show that he was prejudiced by appellate counsel's failure to file a motion for new trial, since the applicant could not have made any claim in his motion for new trial which he may not now bring in the instant habeas proceeding; likewise, there is no bar to the applicant developing the facts necessary to support his post-conviction claims."  (State Habeas Record at 86.)

records, demonstrate that the totality of the representation afforded the applicant in the primary

case was sufficient to protect the applicant's right to reasonably effective assistance of counsel."

(State Habeas Record at 88.[5])   Accepting appellate counsel's reasons for not advancing the

claims alleged in Petitioner's federal habeas petition, the state habeas court found that the three

---

[5]        Specifically, the state habeas court found the following:

> 10. Press met with applicant at the Harris County Jail to discuss his trial, trial counsel's representation during trial and any concerns he had about his trial.  At this meeting, the applicant voiced concerns about how the warrant was executed in his case, but did not raise concerns regarding the racial make-up of the jury, or that panelists were struck because of their race in violation of *Batson*.  See June 12, 2013, Affidavit of Dionne S. Press.
>
> 11. Press spoke to applicant's trial counsel, Marcus Fleming, to discuss his trial strategy.  Fleming stated that the applicant's main concern was the execution of the search warrant and that he discussed the execution of the search warrant with the applicant on numerous occasions.  To this end, Fleming filed a motion to suppress the evidence contending that the affidavit upon which the search warrant relied did not provide probable cause because the information cited in the affidavit was too remote from the date of the actual search.  *Thompson*, 2011 WL 649683 at *4. Press raised the denial of this motion on appeal.
>
> 12. The record shows that the search warrant in the primary case was issued on February 17, 2008, and executed on February 21, 2008.  The record reflects that, during the motion to suppress the search warrant, trial counsel raised the issue of the time between the issuance and execution dates.  (V R.R. 88-89).
>
> 13. Fleming did not mention any *Batson* issues or concerns to Press.  See June 12, 2013, Affidavit of Dionne S. Press.
>
> 14. After reviewing the record, speaking to the applicant and Fleming, Press found that there was no evidence that a *Batson* challenge should have been raised by Fleming during trial.  Therefore, Press did not raise an ineffective assistance of counsel claim against Fleming for failing to raise a *Batson* challenge.  See June 12, 2013, Affidavit of Dionne S Press.
>
> 15. A motion for new trial was not necessary to develop an ineffective assistance of counsel claim because neither the record nor applicant raised any issues that were not already established in the record.
>
> 16. Press's challenge to the evidentiary sufficiency supporting applicant's conviction addressed applicant's "innocent third party defense" claim.  *Thompson*, 2011 WL 649683 at *4.   The record shows that Fleming presented what the applicant characterizes as the "innocent third party defense" in both opening and closing argument.  (IV R.R. 8, 152, 154).

(State Habeas Record at 84-85.)

unpresented ineffective-assistance-of-trial-counsel claims were "unsupported by the record, fail[ed] to demonstrate that appellate counsel's argument contesting evidentiary sufficiency was objectively unreasonable or that there [was] a reasonable probability that, assuming appellate counsel failed to raise the issue, he would have prevailed on appeal." (State Habeas Record at 87.) The state habeas court concluded that Petitioner "fai[ed] to show that the claims raised by appellate counsel on appeal fell outside the norms of professional judgment." (State Habeas Record at 86; *see also* State Habeas Record at 88 ("Neither the instant application nor the official appellate record supports the applicant's claims that, but for any of appellate counsel's actions, he would have prevailed on his appeal.").)

As the state habeas court adjudicated Petitioner's ineffective-assistance-of-appellate-counsel claim on the merits, Petitioner bears a heavy burden on federal habeas review. He must show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. ——, ——, 131 S. Ct. 770, 786–87 (2011). Petitioner has not met that standard. Here, the record indicates that appellate counsel properly investigated possible grounds to attack Petitioner's conviction and sentence, and that the investigation did not produce any leads suggesting that additional inquiry into issues such as a *Batson* claim was warranted. Further, trial counsel had already presented arguments about the search warrant and Petitioner's innocence that paralleled, if not mirrored, the allegations in Petitioner's post-conviction proceedings. Given appellate counsel's efforts to defend Petitioner and Petitioner's failure to show ineffective assistance by his trial attorney, Petitioner has not met the AEDPA standard with regard to his first ground for relief.

### B.    Petitioner's Unexhausted Claims

Before turning to the merits, claims 1(d),(e), and (f), the Court must decide whether procedural impediments bar federal habeas review.  A federal habeas corpus action provides an important, but limited, examination of state criminal judgments.  Because "state courts are the principal forum for asserting constitutional challenges to state convictions," concerns for comity, federalism, and finality define the contours of federal habeas review.  *Richter*, 562 U.S. at ___ 131 S. Ct. at 787; *see also Calderon v. Thompson*, 523 U.S. 538, 555-56 (1998); *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *Engle v. Isaac*, 456 U.S. 107, 128 (1982).  Accordingly, procedural doctrines may limit what issues a federal court may adjudicate.

Federal courts have long required that state courts be given the first chance to rectify constitutional violations.  *See Ex parte Royall*, 117 U.S. 241, 251-52 (1886).  To avoid the "'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), AEDPA requires exhaustion of federal claims in the highest state court before federal habeas relief becomes available.  *See* 28 U.S.C. 2254(b)(1).  To satisfy exhaustion, state courts must have "a 'fair opportunity to apply controlling legal principles to the facts bearing upon [the] constitutional claim.'"  *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  "Exhaustion 'requires a state prisoner to present the state courts with the same claim he urges upon the federal courts.'"  *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (quoting *Harless*, 459 U.S. at 6); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) (holding that petitioner did not fairly present federal claim by exhausting a "somewhat similar," but doctrinally distinct, state law claim); *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006)

("An argument based on a legal theory distinct from that relied upon in the state court does not meet the exhaustion requirement.").  Respondent contends that Petitioner never gave the state courts an opportunity to decide whether appellate counsel failed to raise the issue of perjury or advance two ineffective-assistance-of-trial-counsel claims.

The Court finds that Petitioner failed to exhaust claims 1(d), (e), and (f).  Petitioner's failure to exhaust those claims bars federal review of their merits.  Judicial accommodation, however, prevents a state procedural default from becoming an insurmountable barrier to federal review.  A federal petitioner may overcome the default of his claims if he can "demonstrate *cause* for the default and *actual prejudice* as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a *fundamental miscarriage of justice*."  *Coleman*, 501 U.S. at 750 (emphasis added).  A petitioner shoulders the burden of overcoming the procedural hurdles.  *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

A petitioner's showing of actual innocence may amount to a "fundamental miscarriage of justice" that would forgive his failure to present constitutional claims in a procedurally proper manner.  *See Schlup v. Delo*, 513 U.S. 298 (1995).  However, claims of actual innocence are not favored on federal review.  A habeas action is not a retrial.  Once an inmate's conviction becomes final on direct appeal, he enjoys "no presumption of innocence at a habeas proceeding." *Moore v. Quarterman*, 534 F.3d 454, 464 (5th Cir. 2008) (quotations omitted).  Actual-innocence claims "come[] before the habeas court with a strong, and in the vast majority of the cases conclusive, presumption of guilt."  *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (quotation omitted).  The issue before the Court is not whether reasonable doubt may have been raised if new information had come before the jury, or whether sufficient evidence sustains the judgment, but rather whether the inmate has adduced new evidence of such a character that "no

reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329; *see also House v. Bell*, 547 U.S. 518, 538 (2006) ("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."); *see also McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928 (2013) ("[T]enable actual-innocence gateway pleas are rare.").

Actual innocence claims require a petitioner to adduce new evidence. *See Cantu v. Thaler*, 632 F.3d 157, 166 (5th Cir. 2011) (distinguishing between the actual-innocence showing and "inconsistencies derive[d] from old evidence that was presented at trial and do not introduce any new information, which is a requirement under *Schlup*"). Petitioner does not support his allegations of actual innocence with any new evidence. Instead, he merely relies on evidence from his trial proceedings to argue that the jury should not have convicted him. Accordingly, the Court finds that Petitioner has not overcome the procedural bar of his unexhausted claims. The Court, therefore, will not address the merits of those claims.[6]

## II.      Search Warrant

Petitioner argues that the prosecution violated his constitutional rights by relying on evidence obtained pursuant to an illegal search. According to Petitioner, the police lacked probable cause for the warrant that allowed them to gather the evidence used to convict him. The sufficiency of the search warrant implicates the Fourth Amendment. No federal habeas remedy exists, however, for a Fourth Amendment challenge to a search warrant. "[W]here the

---

[6]      Having reviewed these claims, however, the Court would deny relief on the merits if they were properly presented.

State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted). The existence of state processes allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's use of those processes, serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone*. *See Caver v. State of Alabama*, 577 F.2d 1188, 1192-93 (5th Cir. 1978). The *Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to an arrest or the seizure of evidence. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005). Thus, the Court will deny relief on Petitioner's incognizable Fourth Amendment claim.

## III.    Actual Innocence

Petitioner raises his purported innocence as a separate ground for relief here. On federal review, a criminal defendant's claim of actual innocence arises in two distinct contexts: (1) a free-standing claim that the defendant is, as a matter of fact, innocent of the charged offense, *see Herrera v. Collins*, 506 U.S. 390, 404 (1993); or (2) as a gateway to collateral review of a forfeited constitutional claim or to overcome a procedural default under the standard outlined in *Schlup v. Delo*, 513 U.S. 298 (1995). The Supreme Court has not accepted actual innocence as a cognizable ground for federal habeas corpus relief. In *Herrera*, the Supreme Court stated that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera*, 506 U.S. at 400. Similarly, in *Schlup*, the Supreme Court again noted that a petitioner's "claim of innocence does not by itself provide a

basis for relief." 513 U.S. at 315.  Following that reasoning, the Fifth Circuit has repeatedly and unequivocally held that the Constitution does not endorse an independent actual-innocence ground for relief.  *See Kinsel v. Cain*, 647 F.3d 265, 270 n.20 (5th Cir. 2011); *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999); *Robison v. Johnson*, 151 F.3d 256, 267 (5th Cir. 1998); *Lucas v. Johnson*, 132 F.3d 1069, 1074-75 (5th Cir. 1998).  Accordingly, this Court cannot grant relief on Petitioner's actual-innocence claim.[7]

## IV.    Insufficient Evidence

Petitioner raises a claim which argues that "no evidence" supports his convictions. (Docket No. 1 at 8).  The Fifth Circuit considers a no-evidence argument to be the equivalent of challenging the legal sufficiency of the evidence.  *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir.2002), *vacated on other grounds by Dretke v. Haley*, 541 U.S. 386, 124 S. Ct. 1847, 158 L.Ed.2d 659 (2004). *French v. Estelle*, 692 F.2d 1021, 1024-25 (5th Cir. 1982).  Petitioner raised an evidentiary-insufficiency claim before the state intermediate appellate court.  Respondent, however, argues that Petitioner has procedurally defaulted this claim by not presenting it in a petition for discretionary review.

Even when a prisoner exhausts state remedies, *how* he has exhausted them determines the course of federal review.  Federal practice limits review to those claims that are presented in

---

[7]      As discussed previously, even assuming that actual innocence constitutes an actionable basis for habeas relief, Petitioner has not made a strong showing of innocence.  The state habeas court observed: "[Petitioner] fails to show by clear and convincing evidence that a jury would have acquitted him based on newly-discovered evidence or that, in light of newly discovered evidence; a constitutional error 'probably' resulted in a conviction of one who was actually innocent."  (State Habeas Record at 86.)

compliance with state procedural law.  *See Dretke v. Haley*, 541 U.S. 386, 392 (2004); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  The procedural-default doctrine, which functions as a "[a] corollary to the habeas statute's exhaustion requirement," *Haley*, 541 U.S. at 392-93, prohibits federal habeas review of a claim which "a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1316 (2012); *see also Lambrix*, 520 U.S. at 523; *Coleman*, 501 U.S. at 729.  If a prisoner fails to follow well-established state procedural requirements for attacking his conviction or sentence, and the state court thereby finds that he has defaulted consideration of any issues, a procedural bar forecloses federal adjudication.  *See Lambrix*, 520 U.S. at 523; *Coleman*, 501 U.S. at 732

Respondent argues that "[b]ecause [Petitioner] did not raise this claim in a petition for discretionary review following the First Court of Appeals' February 17, 2011 opinion, it is procedurally barred from appellate review."  (Docket No. 19 at 13.)  This Court's review of the record, however, indicates that Petitioner's March 11, 2011, petition for discretionary review includes a sufficiency-of-the-evidence claim.

Generally, a claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).  Respondent, however, does not provide support for his position that exhausting a claim in a noncompliant PDR results in a federal procedural bar.  *See Vaccaro v. Stephens*, ___ F. App'x ___, 2014 WL 1712270 (5th

Cir. May 1, 2014) (considering the merits of a claim raised in a noncompliant PDR).  The Court, therefore, declines to apply a procedural bar to Petitioner's no-evidence claim.[8]

The intermediate court of appeals considered the merits of Petitioner's insufficiency claim.  Under *Jackson v. Virginia*, 443 U.S. 307 (1979), a reviewing court affirms a jury's decision if, when considering all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have returned a verdict unfavorable to the defendant.  This demanding inquiry is highly deferential to, and resolves any conflicting evidence in favor of, the jury's verdict. *See United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002); *United States v. Duncan*, 919 F.2d 981, 990 (5th Cir. 1990).  The AEDPA augments the deferential *Jackson* analysis, making for a doubly high barrier to federal habeas relief. *See Coleman v. Jackson*, ___ U.S. ___, 132 S.Ct. 2060, 2062 (2012); *Perez v. Cain*, 529 F.3d 588, 599 (5th Cir. 2008). A federal court questions only whether the state court's assessment of the already-strict Jackson standard was unreasonable, creating a "double dose of deference that can rarely be surmounted." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).

---

[8]     Respondent also argues that Petitioner procedurally defaulted this claim on state habeas review.  Petitioner included his no-evidence claim in his state habeas application.  However, the state habeas courts found that such arguments "are not cognizable in state habeas proceedings." (State Habeas Record at 85.)  Respondent argues that the state habeas court's decision results in a federal procedural bar.  Under Texas law, sufficiency of the evidence may only be raised on direct appeal, and is not cognizable in state habeas proceedings. *Ex parte Santana*, 227 S.W.3d 700, 705 (Tex.Crim.App. 2007); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex.Crim.App. 2004). Respondent correctly observes that the federal courts are procedurally barred from considering a claim found by the state court to be not cognizable when first presented on state habeas review. *See West v. Johnson*, 92 F.3d 1385, 1398 n. 18 (5th Cir. 1996).  However, Respondent predicates the procedural bar argument on Petitioner having defaulted his claim on appellate review. Petitioner's default on habeas is irrelevant if he presented his claim on appeal in a manner allowing for federal habeas review.  *See Bledsue v. Johnson*, 188 F.3d 250, 255 n. 8 (5th Cir.1999) ("[A]t no time have we suggested that pursuing relief in the Court of Criminal Appeals in both a petition for discretionary review and in an application for a writ of habeas corpus is necessary to satisfy the exhaustion requirement .... Only one avenue of post-conviction relief need be exhausted.").

The Texas court reviewed the evidence required to convict Petitioner of the two crimes:

> An individual commits the offense of possession of cocaine if he "knowingly or intentionally possesses" cocaine in an amount of one gram or more but less than four grams. TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.115(a), (c).  An individual also commits an offense if, after a previous conviction of a felony and before the fifth anniversary of his release from confinement or from community supervision, parole, or mandatory supervision, whichever date is later, he possesses a firearm.  TEX. PENAL CODE ANN. § 46 .04(a)(1); *James v. State*, 264 S.W.3d 215, 218 (Tex.App.-Houston [1st Dist.] 2008, pet. ref'd).

> To prove possession, the State must establish that the accused (1) exercised care, control, or management over the contraband, and (2) knew the substance was contraband.  *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005).  Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.  TEX. PENAL CODE ANN. § 6.01(b) (West 2003).

*Thompson*, 2011 WL649683, at * 4.  With those standards, the Texas court first assessed whether sufficient evidence supported Petitioner's conviction for possession of cocaine:

> Viewing the evidence in the light most favorable to the jury's verdict, the following factors link appellant to the contraband: Appellant was present in the bedroom when the search was conducted there.  Eleven of the twelve bags of contraband were found in plain view.  Appellant was "right next to" and had immediate access to the eleven bags of contraband located in the rocking chair next to him.  In fact, Officer Gill testified that appellant reached in the direction of the cocaine when Officer Gill was in the room.  Appellant was a short distance from and had easy access to the twelfth bag of contraband located in the kitchen. Eleven of the twelve bags were found in an enclosed room, in which appellant was alone.

> Additionally, there was some evidence from which the jury could infer that appellant was not merely a visitor in the house but exercised some degree of control over the bedroom in which he was found at the time of the search.  The search was executed at around two in the afternoon.  Appellant was alone at the house in the middle of the day in the bed in the bedroom wearing only his boxer shorts.  According to appellant's aunt, he had been at the house since at least eight-thirty that morning. Appellant's aunt testified that she went to the house that morning to see appellant after she could not get in touch with him.  She did not testify as to how she knew to find appellant there when she was unable to get in touch with him.  She did testify that she did not see the cocaine bags in the room when she was there that morning.  Appellant's aunt also testified that appellant

told her that morning that he was sick and was going to "stay in the house" all day.

Finally, even if we were to determine that appellant was only sufficiently linked to the eleven bags of cocaine found with him in the bedroom, those bags contained two grams of cocaine and are, alone, sufficient to support the conviction.

*Id.* at *4.  The state court then turned to the question of whether sufficient evidence supported

Petitioner's conviction for felon in possession of a firearm:

> Appellant contends the evidence establishing felon in possession of a firearm is insufficient because of contradictory testimony from Officer Gill and Officer Walker regarding where the gun was found.  Officer Walker testified that he found the pistol in the bed, directly underneath where appellant was sitting. Officer Gill testified that the gun was "recovered on that date there in the room next to where the defendant was seated."  Appellant construes Officer Gill's statement to mean that the gun was recovered in a different room from where appellant was initially found.  However, this statement could also be interpreted as Officer Gill explaining that he recovered the gun in the same room as appellant, next to where appellant was seated.  Additionally, appellant stated to the officers that there was a gun underneath him.  The jury could have reasonably believed that Officer Gill found the gun in same room as appellant, next to where he was seated.  We must defer any credibility assessments to the jury.

*Id.*

Considering the trial evidence in a light most favorable to the jury's verdict, Petitioner has not shown that the state courts were unreasonable in finding sufficient evidence to support his conviction.  The Texas Court of Criminal Appeals evaluated the evidence and, applying the correct federal standard, found that a rational juror could convict.  Petitioner has not shown that the state court's adjudication of this claim was contrary to, or an unreasonable application of, federal law.  *See* 28 § 2254(d)(1).[9]

---

[9]     The Court's analysis would be the same whether considered under the AEDPA or *de novo*.

## CERTIFICATE OF APPEALABILITY

AEDPA prevents appellate review of a habeas petition unless the district or circuit courts certify specific issues for appeal.  *See* 28 U.S.C. § 2253(c); FED. R. APP. PROC. Rule 22(b). Petitioner has not yet requested that this Court grant him a Certificate of Appealability ("COA"), although this Court can consider the issue *sua sponte*.  A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Clear and binding precedent forecloses relief on Petitioner's claims.   Under the appropriate standard, Petitioner has not shown that this Court should authorize appellate consideration of any claim.  Thus, the Court will not certify any issue for review by the Fifth Circuit.**C**

## ONCLUSION

The Court finds that there is no genuine issue of material fact in this habeas action, and that Respondent is entitled to summary judgment as a matter of law.  It is, therefore, ORDERED that:

1.    Respondent's Motion for Summary Judgment (Docket No. 19) is GRANTED.

2.    This petition is DISMISSED with prejudice.

3.    A Certificate of Appealability from this decision is DENIED.

4.    All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of the Order to the parties.

SIGNED at Houston, Texas, this 12th day of September, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE